DUANE MORRIS LLP
By:     Sharon L. Caffrey, Esquire
Identification No.: 49519
One Liberty Place
Philadelphia, PA 19103
(215) 979-1180
Attorneys for IMO Industries, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT RYAN and CONNIE RYAN, his wife, | : : : |
| Plaintiffs, | : CIVIL ACTION NO. 02-CV-3534 : : ASBESTOS CASE |
| v. | : : |
| IMO INDUSTRIES, INC., et al., | : JURY TRIAL DEMANDED : |
| Defendants. | : |

**IMO INDUSTRIES, INC.'S ANSWER TO
<u>PLAINTIFFS' COMPLAINT</u>**

Defendant, IMO Industries, Inc. (hereinafter "IMO"), by way of answer to Plaintiffs'

Complaint, says as follows:

The preamble to Plaintiffs' Complaint is a conclusion of law to which no response is

required.

1.      Denied.  After reasonable investigation, Defendant IMO is without sufficient

information to admit or deny the allegations of this paragraph, and as such they are denied.

2.      The allegations of this paragraph are a conclusion of law, to which no response is

required.

3. To the extent that the allegations of this paragraph are a conclusion of law, no response is required. To the extent that the allegations of this paragraph are factual, after reasonable investigation the Defendant IMO is without sufficient information to admit or deny the allegations of this paragraph.

4. Denied.

5. Denied. After reasonable investigation, Defendant IMO is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

6. Denied. After reasonable investigation, Defendant IMO is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

7. Denied. After reasonable investigation, Defendant IMO is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

8. Admitted in part; denied in part. It is admitted that Plaintiff does not have a viable claim for lost wages; it is denied that Plaintiff may have a viable claim for lost wages in the future.

9. Denied. After reasonable investigation, Defendant IMO is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

10. Denied. After reasonable investigation, Defendant IMO is without sufficient information to admit or deny the allegations of this paragraph, and as such they are denied.

11. To the extent that the allegations of this paragraph are a conclusion of law, no response is required. To the extent that the allegations of this paragraph are factual, Defendant IMO denies each and every allegation contained in the Master Long Form Complaint, referenced in paragraph 11 of Plaintiff's Complaint, including, but not limited to: Count I - (Negligence and Outrageous Conduct); Count II - (Strict Liability); Count III - (Conspiracy); Count IV - (Breach of Warranty); Count VI - (Consortium Claim); and Count X - (Damages) - All Defendants.

WHEREFORE, Defendant IMO demands dismissal of Plaintiffs' Complaint and all crossclaims with prejudice, judgment in its favor, together with attorneys' fees, costs of suit, and such other equitable relief as the Court deems proper and just.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Subject matter jurisdiction is lacking.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks in personam jurisdiction over Defendant IMO Industries, Inc..

### FOURTH AFFIRMATIVE DEFENSE

IMO Industries, Inc. denies that the Plaintiff was exposed to any asbestos from its products; however, in the event that such an exposure can be demonstrated, such exposure was so de minimus as to be insufficient to establish to a reasonable degree of probability, that any such products caused or contributed to Plaintiff's alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the equitable doctrines of laches and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the applicable statute of limitations and/or statute of repose.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if caused by other than natural causes, were caused by the Plaintiff, his employer's or others' misuse and abuse of any products supplied by this Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Venue is improper.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages and injuries, if any, were proximately caused by the superseding and intervening negligence of others.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's contributory negligence is a complete or partial bar to the relief sought.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant IMO Industries, Inc. denies any negligence and asserts that any injuries allegedly sustained by the plaintiff are the result of the actions of third parties over whom IMO Industries, Inc. had no control, nor right of control.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff knowingly assumed the risk inherent in the activities engaged in, which he claims caused his injuries.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's employers were knowledgeable and sophisticated users and purchasers of Defendant's products and any duty IMO may have had to warn of any potential danger, incident to the use of its products, which duty is denied, was superseded and/or discharged by the employer's intervening duty to provide all required warnings.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was reasonably and adequately warned of all alleged risks and had actual, constructive or imputed knowledge thereof, and Plaintiff is precluded from recovery against this Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

IMO Industries, Inc. had no reason to know or believe that any of the products which it manufactured posed a risk sufficient to create a duty to warn, and denies that it has any common law duty to warn.

**SIXTEENTH AFFIRMATIVE DEFENSE**

IMO Industries, Inc. did not make, nor breach any warranties or contracts to the Plaintiff or others.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

This matter is barred by reason of the entire controversy doctrine.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of forum non conviens.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by reason of the Worker's Compensation Act.

**CROSSCLAIM FOR CONTRIBUTION AND INDEMNITY**

Without admitting any liability, Defendant IMO Industries, Inc. hereby claims entitlement to contribution and/or indemnity, both common law and contractual, from all defendants now named in this action, and all defendants and third party defendants in the future named in this action.

**ANSWER TO ALL CROSSCLAIMS**

Defendant IMO Industries, Inc. denies that it is liable for contribution and/or indemnity, whether common law or contractual, to any defendant in this action.

WHEREFORE, Defendant IMO demands dismissal of all crossclaims and/or counter claims.

## **JURY DEMAND**

Defendant IMO Industries, Inc. demands trial by jury of twelve.

                                            DUANE MORRIS LLP

                                      By_____
                                              Sharon L. Caffrey
                                              Attorney for Defendant
                                              IMO Industries, Inc.

Date: July 9, 2002

## CERTIFICATE OF SERVICE

I, Sharon L. Caffrey, Esquire, hereby certify that on this 9th day of July, 2002, a true and correct copy of the foregoing Answer to Plaintiffs' Complaint was mailed to Plaintiffs' counsel, via first-class mail, with postage prepaid thereon.

> Lawrence R. Cohan, Esquire
> Anapol, Schwartz, Weiss, Cohan,
>   Feldman & Smalley
> 1900 Delancey Place
> Philadelphia, PA 19103

> DUANE MORRIS LLP

> _____
> Sharon L. Caffrey

PH2\663988.1